NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAUL PELAYO, | No. 20-16155 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-06037-RS |
| v. | |
| M. SMITH, Prison Guard Employed with the California Department of Corrections & Rehabilitation ("CDCR"), in her Individual & Official Capacities; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| I. SMITH, Prison Guard Employed with the CDCR, in His Individual and Official Capacities, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted June 15, 2022[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: SILVERMAN, WATFORD, and FORREST, Circuit Judges.

California state prisoner Saul Pelayo appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Pelayo failed to raise a genuine dispute of material fact as to whether his speech was chilled as a result of Smith filing a Form 128-B General Chrono. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context); *see also Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) (in order to show retaliation, plaintiff must prove that defendant took action "that would chill a person of ordinary firmness from continuing to engage in the protected activity").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**